IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| T. Terell Bryan, #254638, a/k/a Terence Terell Bryan, ) ) ) | C/A No.: 1:10-2554-TLW-SVH |
| Plaintiff, ) ) | |
| vs. ) ) | REPORT AND RECOMMENDATION |
| F.B.I.; S.L.E.D.; U.S. Attorney (S.C.); U.S. Attorney (Guam); Attorney General (S.C.); S.C.D.C.; Jon Ozmint; Donna Hodges; Jimmy Sligh; Linda Dunlap; Ann Moak; Russell Campbell; Gerri Miro; Robert Woods; Amy R. Enlow; Cathy C. Jones; Victoria O. Balogun; Nurse Tipton; Warden McCall; Doctor Benjamin F. Lewis, Jr.; Miriam Cocciolone; James Simmons, III; Greenville Co. Clerk; Greenville Co. Solicitor; Greenville Co. Magistrate, ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

This case, filed pursuant to 42 U.S.C. §1983, has been transferred to this District from the United States District Court for the District of Guam. This is the thirty-fourth case from this plaintiff, either filed in, or transferred to, this District. In this matter, Plaintiff claims he "represents" another inmate ("Simmons") who was given the wrong medication and allegedly suffered adverse consequences from the mistake. Much of Plaintiff's complaint involves this representation, and the failure of some of the defendants to respond to Plaintiff's correspondence. Plaintiff states that he has tried to bring criminal charges for "conspiracy to commit murder" by writing to the F.B.I., S.L.E.D., the U.S. Attorney for the District of South Carolina, the S.C. Attorney General,

the Greenville County Clerk of Court, the Greenville County Solicitor and a Greenville County Magistrate Judge, but he claims "none of them answered."

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

I.      Standard of Review

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a court to dismiss the case, or any part thereof, upon a finding that it "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

2

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) *(per curiam)*. Even under this less stringent standard, however, some claims in this *pro se* petition are subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading, or any portion thereof, to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

II.   Discussion

Plaintiff alleges, in part, that some of the Defendants have failed to contact him concerning his representation of another inmate, Simmons. The Fourth Circuit has found, however, that "the competence of a layman representing himself" is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a prisoner, proceeding *pro se,* cannot represent other prisoners in a class action). *See also Hummer v. Dalton*, 657 F.2d 621, 623 n. 2, 625–626 (4th Cir. 1981) (suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"). Even if Simmons sought the help of Plaintiff,

3

Plaintiff is still a layman, and may not represent Simmons. Therefore, the individuals Plaintiff attempted to contact on behalf of Simmons were under no obligation to respond to Plaintiff, and would have no liability for their failure to do so. Consequently, it is recommended that Defendants FBI, SLED, U.S. Attorney for S.C., U.S. Attorney for Guam, Attorney General of S.C., S.C.D.C., the Greenville County Clerk of Court, the Greenville County Solicitor, and Greenville County Magistrate Judge, who have been named in this suit because they allegedly failed to respond to Plaintiff's letters concerning another inmate, be summarily dismissed from this suit.

Additionally, although Plaintiff wishes to bring criminal charges for "conspiracy to commit murder" on behalf of Simmons, a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person. *See Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973), and *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (applying *Linda R.S. v. Richard D*. and collecting cases). Because Plaintiff does not have a judicially cognizable interest in the criminal prosecution of another person, he lacks standing to raise such a claim. *Linda R.S. v. Richard D*., *supra,* 410 U.S. at 619.

Closely on point is *Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1981), wherein inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards. The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants. In *Leeke v. Timmerman*, the Supreme Court of the United States reiterated its earlier holding in *Linda*

*R.S. v. Richard D.*, *supra*, and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. *Leeke v. Timmerman*, *supra*, 454 U.S. at 86–87.

Finally, the Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.[1]  *See Alden v. Maine*, 527 U.S. 706, 713 (1999) (immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . except as altered by the plan of the Convention or certain constitutional Amendments."); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 76 (1996) (Eleventh Amendment prohibits Congress from making the State of Florida capable of being sued in federal court); *Blatchford v. Native Village of Noatak and Circle Village*, 501 U.S. 775, 786 (1991) (Congressional power to abrogate Eleventh Amendment immunity can only by exercised by clear legislative intent).

Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1889), held that the purposes of the Eleventh Amendment, *i.e.*, protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. Thus, the Eleventh Amendment bars such suits unless the State has

---

[1] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

waived it's immunity[2] or unless Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. When § 1983 was passed as part of the Civil Rights Act of 1871, Congress did not interject any language in the Act which would specifically override the immunity of the states provided by the Eleventh Amendment. Consequently, a claim brought pursuant to 42 U.S.C. § 1983 does not override the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979).

Additionally, the clear language of § 1983 requires that a "person" may be sued by another where a deprivation of constitutional rights can be shown. In the case of *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution, and expressly held that the states are not "persons" within the meaning of § 1983. Because the Eleventh Amendment provides an absolute immunity for the states against all suits, the "person" referred to in § 1983 cannot include a state or any divisions of a state. For these reasons, it is recommended that the South Carolina Department of Corrections be summarily dismissed from this case.

---

[2] The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e)(1976) which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.

III.    Conclusion

Accordingly, it is recommended that the District Court dismiss FBI, SLED, U.S. Attorney for S.C., U.S. Attorney for Guam, Attorney General of S.C., S.C.D.C., the Greenville County Clerk of Court, the Greenville County Solicitor, and Greenville County Magistrate Judge, as Defendants in the above-captioned case without prejudice and without issuance and service of process. An order authorizing the issuance and service of process for the remaining Defendants shall be entered contemporaneously with this Report and Recommendation.

IT IS SO RECOMMENDED.

February 7, 2011                                               Shiva V. Hodges
Florence, South Carolina                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**