IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| T. Terell Bryan, #254638, a/k/a Terence Terell Bryan, ) ) ) | C/A No.: 1:10-2554-TLW-SVH |
| Plaintiff, ) ) ) | |
| vs. ) ) | ORDER |
| F.B.I.; S.L.E.D.; U.S. Attorney (S.C.); U.S. Attorney (Guam); Attorney General (S.C.); Jon Ozmint; Donna Hodges; Jimmy Sligh; Linda Dunlap; Ann Moak; Russell Campbell; Gerri Miro; Robert Woods; Amy R. Enlow; Cathy C. Jones; Victoria O. Balogun; Nurse Tipton; Warden McCall; Doctor Benjamin F. Lewis, Jr.; Miriam Cocciolone; James Simmons, III; Greenville Co. Clerk; Greenville Co. Solicitor; Greenville Co. Magistrate, ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

Plaintiff, proceeding pro se and in forma pauperis, brought this civil rights action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter is before the court on (1) Plaintiff's motion for legal materials [Entry #18]; (2) Plaintiff's motion for copies [Entry #32]; (3) Plaintiff's motion for appointment of counsel [Entry #34]; and (4) Plaintiff's motion for an extension of time to complete discovery [Entry #64]. All pretrial proceedings in this case were referred to the undersigned magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

I.     Plaintiff's Motion to Compel

Plaintiff's motion for legal materials[1] seeks an order from the court declaring that he has a right to receive law books five days per week and that SCDC provide him "adequate envelopes." [Entry #18]. The undersigned notes that Plaintiff has not brought a claim for denial of access to the courts, and it is therefore not clear whether he has exhausted his administrative remedies with regard to these allegations.  In the interest of liberally-construing pleadings filed by pro se parties, the undersigned analyzes Plaintiff's motion to compel as follows.

Plaintiff seeks an order requiring that he be given access to legal materials five days per week.  The right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Id.* at 343. In order to make out a claim for denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *see also White v. White*, 886 F.2d 721, 723–24 (4th Cir. 1989).  To compensate for Plaintiff's restricted custody status in the SMU, Plaintiff may request a legal material from the library, which is then provided to

---

[1] Plaintiff's motion to compel is styled, apparently alternatively, as a motion for a declaratory judgment, a motion for injunctive relief, and a motion for writ of mandamus. As all of the requests for relief are essentially non-dispositive requests for legal materials, the court decides it as such.  Additionally, Plaintiff requests copies of filings in this matter which are addressed in Section II below.

him in his cell twice a week.[2] Plaintiff has no constitutional right of access to a law library *per se*; nor is the SCDC required to provide Plaintiff an unlimited amount of envelopes. Rather, the constitutional right is for meaningful access to the courts to bring challenges to sentences or conditions of confinement. *See Lewis* 518 U.S. 343 at 351; *Giarratano v. Johnson*, 521 F.3d 298, 305–306 (4th Cir. 2008). Here, Plaintiff has provided no information indicating that his rights to access the courts has been violated. For these reasons, Plaintiff's motion for legal materials must be denied.

II.     Motion for Copies

Plaintiff's motion for copies seeks copies of docket entries #1–#11. Plaintiff indicates that this case was first filed in Guam, and he did not receive a copy of an order transferring this matter. Many of the documents Plaintiff requests are his own filings, such as his complaint, motion to proceed in forma pauperis, and request for a status, and the Clerk ordinarily charges for copies of such documents. However, the docket does not indicate that Plaintiff was mailed copies of the orders issued by the District of Guam, including the order transferring his case to the District of South Carolina. Because it does not clearly appear that Plaintiff was provided with copies of the court orders from

---

[2] Although Plaintiff has not provided this information in this case, the undersigned takes judicial notice of Plaintiff's prior litigation regarding his receipt of legal materials while in restricted custody. *See Bryan v. Cocciolone*, C/A No. 1:08-3556-TLW-SVH; *see also*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

the District of Guam, the court grants his motion for copies.[3]  The Clerk is instructed to provide Plaintiff with copies of the public[4] documents contained in docket entries #1–#11.  The Clerk is also directed to provide Plaintiff with a docket sheet for this case.

III.    Motion to Appoint Counsel

Plaintiff has also moved for a discretionary appointment of counsel. [Entry #34 at 8]. There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).  After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In this case, as in his prior litigation, Plaintiff has demonstrated that he can ably represent himself.  Additionally, in most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines

---

[3] In the interest of clarity and under these limited circumstances, the court is directing the Clerk to provide Plaintiff with a limited number of his own filings. However, Plaintiff is advised that in this case, and any subsequent case, he should keep a copy of all filings, including his own.  Ordinarily requests for free copies will be denied and the Clerk's office charges 50 cents per page.

[4] Some docket entries are for administrative court use only and are not available to the public, including the litigants to the case.

proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his or her case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915 (e)(1) is denied.

IV.     Motion for an Extension of Time

Plaintiff moves for an extension of time to conduct discovery, based on alleged inability to conduct discovery without a copy of the complaint he filed in this matter. For the reasons discussed above, Plaintiff will be provided a copy of his complaint. Therefore, Plaintiff's motion for an extension is granted and the deadline for the parties to conduct discovery is extended for 60 days from the date of this order. [Entry #64]. No further extensions will be granted.

V.     Conclusion

For the foregoing reasons, Plaintiff's motions for legal materials [Entry #18] and for appointment of counsel [Entry #34] are denied and Plaintiff's motions for copies [Entry #32] and for an extension of time to complete discovery [Entry #64] are granted.

IT IS SO ORDERED.

*Shiva V. Hodges*

July 29, 2011                                                  Shiva V. Hodges
Florence, South Carolina                              United States Magistrate Judge