IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| T. Terell Bryan, #254638, a/k/a Terence Terell Bryan, | ) | C/A No.: 1:10-2554-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| F.B.I.; S.L.E.D.; U.S. Attorney (S.C.); U.S. Attorney (Guam); Attorney General (S.C.); S.C.D.C.; Jon Ozmint; Donna Hodges; Jimmy Sligh; Linda Dunlap; Ann Moak; Russell Campbell; Gerri Miro; Robert Woods; Amy R. Enlow; Cathy C. Jones; Victoria O. Balogun; Nurse Tipton; Warden McCall; Doctor Benjamin F. Lewis, Jr.; Miriam Cocciolone; James Simmons, III; Greenville Co. Clerk; Greenville Co. Solicitor; Greenville Co. Magistrate, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at

Broad River Correctional Institution ("BRCI") and brings this action, which is construed

as brought pursuant to 42 U.S.C. § 1983,[1] alleging violations of his constitutional rights.

---

[1] To the extent that Plaintiff has sued federal officials, his claims are construed as brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). *Bivens* establishes as a general proposition that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983. Therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa and the undersigned may refer to them interchangeably in this Report. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982); *see also Farmer v. Brennan*, 511 U.S. 825 (1994).

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.    Factual and Procedural Background

This case was initially filed in the United States District Court for the District of Guam, and was subsequently transferred to this District. Plaintiff claims another inmate ("Simmons") was given the wrong medication and allegedly suffered adverse consequences from the mistake. Compl. at 2.  Plaintiff also alleged he has been given the wrong medication by Nurse Balogun, who he believes is trying to kill him, and Nurse Jones on separate occasions. *Id.* at 3.  Plaintiff claims the medication caused him to fear for his life and have nightmares about slowly dying. *Id.* at 3–4.  Plaintiff's claims against the SCDC employees have been served on those defendants and are proceeding.

According to the Complaint, Plaintiff wrote letters to the FBI, SLED, the U.S. Attorney for South Carolina, the U.S. Attorney for Guam, the Attorney General of South Carolina, the Greenville County Clerk of Court, the Greenville County Solicitor, and the Greenville County Magistrate Judge, attempting to get Simmons medical attention and to have criminal charges brought against the responsible defendants. *Id.* at 2–3. It appears Plaintiff has sued these defendants for failure to respond to his letters or otherwise take action. *Id.*

The undersigned issued a previous Report and Recommendation ("R&R") recommending FBI, SLED, U.S. Attorney for S.C., U.S. Attorney for Guam, Attorney

2

General of S.C., the Greenville County Clerk of Court, the Greenville County Solicitor, and Greenville County Magistrate Judge ("the unserved Defendants") be dismissed on various grounds without service of process. [Entry #24]. The R&R addressed Plaintiff's claims to the extent that he was attempting to represent inmate Simmons. However, in his objections to the R&R, Plaintiff clarified that he was not attempting to represent Simmons, despite his claims of preparation of legal work for him, and that his lawsuit was on his own behalf. *See* Objections to R&R [Entry #30]. The district judge remanded this case for consideration of Plaintiff's claims in light of his objections [Entry #58], and this R&R addresses the same.

II.     Discussion

A.     Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

3

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

A claim for relief under § 1983 must sufficiently allege that the plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983. Plaintiff alleges that the unserved Defendants failed to reply to correspondence he sent them in an attempt to bring criminal charges for "conspiracy to commit murder." [Entry #1 at 2]. However, a private citizen does not have a judicially-cognizable interest in the prosecution or non-prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and *Diamond v. Charles*, 476 U.S. 54,

4

64–65 (1986) (applying *Linda R.S. v. Richard D*. and collecting cases). Because Plaintiff does not have a judicially-cognizable interest in the criminal prosecution of another person, he lacks standing to raise such a claim. *Linda R.S. v. Richard D*., *supra,* 410 U.S. at 619.

Furthermore, it is well settled that only "persons" may act under color of state law and, therefore, a defendant in a § 1983 action must qualify as a "person." The FBI and SLED are organizations, which consist of buildings and grounds, and are therefore not "persons" acting under color of state law. *See Jones v. Lexington County Detention Center*, 586 F.Supp.2d 444, 451 (D.S.C. 2008) (finding that Lexington County Detention Center is a physical institution that is not subject to liability under § 1983); *Dawson v. State Law Enforcement Div*., C/A No. 3:91-1403-17, 1992 WL 208967, *2 (D.S.C. April 6, 1992) (dismissing a § 1983 claim for monetary damages against SLED because it was not a "person"). The FBI and SLED are both organizations, which consist of buildings and grounds. Consequently, the FBI and SLED are entitled to summary dismissal because they are not persons for purposes of § 1983.

Finally, the complaint contains no allegations that the unserved defendants were personally involved in the events that gave rise to this case. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 & nn. 1–2 (4th Cir. 1977) (liability under § 1983 will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights). Plaintiff has named the individuals who he claims have neglected his health and safety, and summonses have issued against them. Without more, however, the

fact that the unserved Defendants did not answer Plaintiff's correspondence is sufficient to state a claim upon which relief may be granted.  Therefore, it is recommended that the unserved Defendants be summarily dismissed.

III.    Conclusion

Accordingly, it is recommended that the District Court dismiss the FBI, SLED, U.S. Attorney for S.C., U.S. Attorney for Guam, Attorney General of S.C., the Greenville County Clerk of Court, the Greenville County Solicitor, and Greenville County Magistrate Judge as defendants in the above-captioned case without prejudice and without issuance and service of process.[2]

IT IS SO RECOMMENDED.

September 9, 2011                            Shiva V. Hodges
Florence, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[2] If the district judge accepts this recommendation, Plaintiff's motion for a default judgment [Entry #121] will be moot.

6