IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| T. Terell Bryan, #254638, a/k/a Terence Terell Bryan, <br><br> Plaintiff, <br><br> vs. <br><br> F.B.I.; S.L.E.D.; U.S. Attorney (S.C.); U.S. Attorney (Guam); Attorney General (S.C.); S.C.D.C.; Jon Ozmint; Donna Hodges; Jimmy Sligh; Linda Dunlap; Ann Moak; Russell Campbell; Gerri Miro; Robert Woods; Amy R. Enlow; Cathy C. Jones; Victoria O. Balogun; Nurse Tipton; Warden McCall; Doctor Benjamin F. Lewis, Jr.; Miriam Cocciolone; James Simmons, III; Greenville Co. Clerk; Greenville Co. Solicitor; Greenville Co. Magistrate, <br><br> Defendants. | C/A No.: 1:10-2554-TLW-SVH <br><br><br><br><br><br> REPORT AND RECOMMENDATION |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Broad River Correctional Institution ("BRCI") and brings this action, which is construed as brought pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Before the court are Defendants' Motion for Summary Judgment [Entry #84] and Motion to Dismiss [Entry #117]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

This case was initially filed in the United States District Court for the District of Guam, and was subsequently transferred to this District. Plaintiff claims another inmate ("Simmons") was given the wrong medication and allegedly suffered adverse consequences from the mistake. Compl. at 2. Plaintiff also alleged he was once given Parafon, which he alleges is the wrong medication, by Nurse Balogun, who he believes is trying to kill him. *Id.* at 3. According to Defendants, Parafon is the brand name for the drug chloroxazone, which is a muscle relaxer Plaintiff had previously been prescribed. Enlow Aff., ¶ 6 [Entry #84-9]; Balogun Aff., ¶ 7 [Entry #84-19].

Plaintiff further alleges that Nurse Jones also gave him the wrong medication one day during lunch. *Id.* Plaintiff claims the medication caused him to be hot and vomit. *Id*. He also claims he began to fear for his life and have nightmares about slowly dying. *Id.* at 3–4. Plaintiff claims that he requested to be given nutritional supplements due to his weight loss, but was refused. *Id.* at 4. Additionally, Plaintiff alleges he submitted grievances to multiple defendants, to which he did not receive responses. *Id.* at 4–5.

Defendants[1] filed their motion for summary judgment on June 29, 2011. [Entry #84]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised

---

[1] Plaintiff also sought to sue the South Carolina Department of Corrections, FBI, SLED, the U.S. Attorney for South Carolina, the U.S. Attorney for Guam, the Attorney General of South Carolina, the Greenville County Clerk of Court, the Greenville County Solicitor, and the Greenville County Magistrate Judge in the instant action. However, these claims were dismissed on summary dismissal. *See* [Entry #58, #145]. The undersigned refers to the remaining defendants as "Defendants" throughout this Report.

Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #85]. Plaintiff filed a response in opposition to Defendants' motion on August 1, 2011 [Entry #108] and Defendants filed a reply on August 9, 2011 [Entry #111]. Having carefully considered the parties' submissions and the record in this case, the court recommends granting Defendants' motion for summary judgment and denying as moot Defendants' Motion to Dismiss [Entry #117].

II.     Defendants' Motion for Summary Judgment

   A.     Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    B.    Analysis

        1.    Medical Indifference

Plaintiff appears to be asserting a claim for deliberate indifference to his serious medical needs based on allegedly receiving the wrong medication. In the case of *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain." *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 169–73 (1976)). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner

> constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

*Estelle*, 429 U.S. at 103–105 (citations and footnotes omitted). Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 107.

The Fourth Circuit has also considered this issue in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id.* at 851 (citations omitted). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. at 102–103; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986).

5

Although the Constitution requires that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice. *Thomas v. Anderson City Jail*, No. 6:10-3270-RMG-KFM, 2011 WL 442053, at *3 (D.S.C. Jan. 19, 2011)*; Jackson v. Fair*, 846 F. 2d 811, 817 (1st Cir. 1988). Although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994). Further, a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F. 2d 112 (10th Cir. 1976); *Lamb v. Maschner*, 633 F. Supp. 351, 353 (D.Kan. 1986). Mistakes of medical judgment are not subject to judicial review in a § 1983 action. *Russell v. Sheffer*, 528 F. 2d 318, 319 (4th Cir. 1975).

Here, Plaintiff's claim that Paradon was not an acceptable alternative to his previously-prescribed muscle relaxer does not meet constitutional muster. Although Plaintiff might have preferred another medication, he has submitted no evidence that Paradon caused him injury or that it was an inappropriate drug for him. Therefore, Plaintiff has also failed to meet the much higher burden of proving that Defendants were deliberately indifferent to a serious medical needs.

Plaintiff also alleges that one day during lunch, Nurse Jones intentionally gave him the wrong medication, which he claims should have been given to another inmate. However, Plaintiff provides no information regarding why he believes this medication was not his and was for someone else, what the medication was, or why he took the

6

medication when he knew it was not prescribed for him. *See* Compl. at 3. However, assuming, without deciding, that Plaintiff was given the wrong medication on this particular occasion, there is no evidence that he suffered any physical injury as a result. Plaintiff alleges this medicine made him feel "that at any minute now he would die." [Entry #1 at 3]. However, there is no evidence in the record that the showing that Plaintiff was given medicine that would cause such a fear. Additionally, while Plaintiff alleges he has lost weight as a result of the incidents complained of, his medical records indicate he maintained a weight of approximately 145 pounds on his 5'6" frame throughout 2009. Aff Enloe, ¶ 8 [Entry #84-9]. Therefore, Plaintiff has failed to demonstrate Defendants have acted with deliberate indifference to his serious medical needs.

    2.    Allegations Regarding Grievance Process

Plaintiff's only claims against defendants Ozmint, Hodges, Sligh, Dunlap, Moak, Campbell, Miro, Woods, Enlow, McCall, Lewis, Coccciolone, and Simmons are for their alleged failure to respond to his letters and grievances. The law is well-settled that there is no constitutional right to a grievance procedure. *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137–138 (1977). Even if the prison provides for a grievance procedure, violations of those procedures do not amount to a civil rights cause of action. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1944) (dismissing plaintiff's claim that he was retaliated against when he was barred access to the grievance process because "the Constitution creates no entitlement to grievance procedures or access to any such

7

procedure"). Accordingly, Plaintiff has failed to state a § 1983 claim based on the alleged failure of Defendants to respond to his grievances.

III.     Defendants' Motion to Dismiss

Defendants' motion to dismiss seeks to dismiss the Greenville County Clerk, Solicitor, and Magistrate. Because the court dismissed these defendants by prior order [Entry #145], the motion to dismiss [Entry #117] should be deemed moot.

IV.     Conclusion

For the foregoing reasons, the undersigned recommends Defendants' motion for summary judgment [Entry #84] be granted and motion to dismiss [Entry #117] be deemed moot. If the district judge accepts this recommendation, all other motions will be rendered moot.

IT IS SO RECOMMENDED.

November 7, 2011                                Shiva V. Hodges
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**